RANNELL R. CRAIG,
v.
BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY
No. 2009 CA 1103.
Court of Appeals of Louisiana, First Circuit.
February 12, 2010.
Not Designated for Publication
RANNELL R. CRAIG, Plaintiff/Appellant In Proper Person.
L. BRUCE DODD, Counsel for Defendants/Appellees, Burl Cain and Department of Public Safety and Corrections.
Before: DOWNING, GAIDRY, and McCLENDON, JJ.
GAIDRY, J.

SUMMARY DISPOSITION
The plaintiff-appellant, Rannell R. Craig, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (the Department), filed a petition in the 19th Judicial District Court for judicial review of a final agency decision under the Corrections Administrative Remedy Procedure Act, La. R.S. 15:1171, et seq. The action was initially referred to a commissioner for review pursuant to La. R.S. 15:1178 and thereafter for hearing.[1] Following its de novo review of the record, the district court adopted the commissioner's report as its reasons and dismissed the plaintiffs action. Plaintiff appeals, and has also moved to include an "exhibit package" of eight exhibits that he believes are necessary to complete the record on appeal. We grant the motion, but in doing so we expressly observe that all eight of the exhibits in plaintiffs "exhibit package" are in fact already contained in the bound record on appeal, although not in a separate exhibit envelope or box. We affirm the judgment of the district court for the following reasons.
The plaintiff contends that the sentencing documents required by La. C.Cr.P. art. 892, relating to the indictment or bill of information under which he was convicted, are erroneous and "illegal." He argues that those documents show only his conviction for possession of heroin under La. R.S. 40:966(C)(1), carrying a maximum sentence of ten years, and that they do not prove that his life sentence was an enhanced "habitual offender" sentence. The plaintiff argues that the foregoing claimed deficiency deprives the Department of the authority to retain him in custody pursuant to the life sentence, based upon the language of La. R.S. 15:566(C). That statute provides, in part, that if the sentencing documents required by La. C.Cr.P. art. 892 "are not tendered with the prisoner, the Department.. . shall refuse delivery of said prisoner."
The commissioner determined that the Department's administrative record did in fact contain a sentencing document of the Criminal District Court for the Parish of Orleans, confirming a sentence of "life without benefits" on July 9, 1998, following the defendant's above-described drug conviction. The commissioner concluded, and the district court agreed, that the foregoing document provided the legal basis for the Department's custody of the plaintiff. Another document in the administrative record, appearing to be a partial district court minute entry for March 21, 2005, confirms that "[o]n 7/9/98 the court adjudicated the [plaintiff] as a third-felony habitual offender and sentenced him to life imprisonment at hard labor without the benefit of pro[b]ation, parole or suspension of sentence." We further note that La.C.Cr.P. art. 892(D) plainly states that "[f]ailure to comply with the provisions of this [a]rticle shall not affect the validity of a prosecution, conviction, or sentence."
As correctly observed by the commissioner, the Department has the statutory duty and authority to maintain the defendant in its physical custody to serve the sentence imposed. See La. R.S. 15:824. Finding the commissioner's report and the district court's judgment adequately explain our decision, we affirm the judgment.

DECREE
We accordingly affirm the judgment of the district court through this summary disposition, in accordance with Rules 2-16.2(A)(2), (5), (6), (8), and (10) of the Uniform Rules of the Louisiana Courts of Appeal. All costs of this appeal are assessed to the plaintiff-appellant, Rannell R. Craig.
MOTION TO INCLUDE EXHIBIT PACKAGE GRANTED; JUDGMENT AFFIRMED.
NOTES
[1] The office of the Commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5).